UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                                    )
JOHN DOE,                                     )
                                                    )
            Plaintiff,                      )
                                                    )
v.                                                    )
                                                    )
AMHERST COLLEGE,                      )
CAROLYN MARTIN, JAMES LARIMORE,    )     Civil Action No. 3:15-cv-30097
TORIN MOORE, SUSAN MITTON SHANNON, )
and LAURIE FRANKL,                       )
                                                    )
            Defendants.                )
_____ )

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

### i.    Introduction

This case concerns a disciplinary hearing carried out at Amherst College ("Amherst" or "the College") in response to allegations by a senior female student that the Plaintiff, John Doe, had not discontinued sexual activity after consent was withdrawn and raped her, in her dorm room, in 2012, while both students were sophomores. Plaintiff alleges that as a result of Defendants' faulty investigation and hearing, the Plaintiff was wrongly proclaimed to have committed sexual assault and was expelled from campus. Only after his appeal was summarily denied did Plaintiff discover evidence, which he alleges, not only should have been brought to light had the investigation and hearing process been conducted fairly and thoroughly by the Defendants, but also demonstrated that he did *not* sexually assault the female complainant. Importantly, although Plaintiff's identity became widely known on-campus, the Plaintiff's identity outside that community is not yet well known. Given the harm Plaintiff has suffered already by virtue of the publicity of the charges and determination of the College, the Plaintiff

seeks to proceed here through use of a pseudonym so as to mitigate any further damage to himself and his reputation.

### ii. Factual Background

Plaintiff refers the Court to his complaint for a full recitation of the facts. Plaintiff notes specifically, as alleged in paragraph 62 of the Complaint, that after John Doe's appeal was denied, Amherst sent a campus-wide electronic notification with the subject line, "Sexual Misconduct Hearing Outcome (Content Warning)". The announcement stated that following a December 2013 hearing, a hearing board had found, "by a preponderance of evidence, that an Amherst College student violated Amherst College's Sexual Misconduct Policy by committing sexual assault." The announcement further notified the entire community that the student had been expelled and was not allowed on campus. Although the announcement did not identify John Doe by name, it was widely known on campus that he was the student referenced.

### iii. Argument

The Court has discretion to permit a litigant to proceed under a pseudonym in spite of the language of Fed. R. Civ. P. 10(a). *See Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 73 (D.R.I. 1992) ("*Blue Cross*"). The plaintiff bears the burden of establishing a sufficient privacy interest that outweighs a presumption of openness in matters before the Court. *See Doe v. Bell Atlantic Bus. Sys.*, 162 F.R.D. 418, 420 (D. Mass. 1995) ("*Bell Atlantic*"); *MacInnis v. Cigna Gr. Ins. Co. of Am.*, 379 F. Supp. 89, 90 (D. Mass 2005). Courts have previously held that privacy interests outweigh the presumption of judicial transparency in several cases involving sensitive matters, such as those involving mental illness, abortion, or sexuality issues. *See Bell Atlantic*, 162 F.R.D. at 420. "The common thread running through these cases is the presence of some social stigma or the threat of physical harm." *Blue Cross*, 794 F. Supp. at 74.

This is a classic case where protection of the Plaintiff's identify is necessary and appropriate. The Plaintiff alleges substantial emotional distress, reputational damage and other harm from the finding that he committed sexual assault, which was publicized when the College sent an all-campus announcement a month after expelling the Plaintiff from Amherst. As alleged in the Complaint, although the announcement did not specifically identify the Plaintiff, it was widely known on campus (and even among students at a sister college) that he was the student expelled. Plaintiff seeks relief for the harm to his reputation that he has already endured and will continue to endure as this information is disclosed to others—as it must be whenever he shares his academic transcript branded with the words "Disciplinary Expulsion." If Plaintiff were required to proceed under his given name, then he would expose himself to further harm by the process of seeking to vindicate the harm he has already endured.

It is proper to allow a plaintiff to proceed under a pseudonym where the "injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *M.M. v. Zavares*, 139 F.3d 798, 803 (10th Cir. 1998). That is precisely the situation here. If Plaintiff were required to disclose his name, one of the primary purposes of this lawsuit would be frustrated, a fact often cited as an overriding concern in deciding to allow a plaintiff to proceed under a pseudonym. *See*, *e.g.*, *Bell Atlantic*, 162 F.R.D. at 420.

That many within the Amherst College community know Plaintiff's identity does not alleviate or obviate the need for privacy protections here. In fact, other courts have found that limited dissemination favors maintaining the *status quo* and permitting an action to proceed through the use of a pseudonym. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (citing *Doe v. Del Rio*, 241 F.R.D. 2d 154, 157 (S.D.N.Y. 2006)). Recently, this Court (Mastroianni, J) allowed an Amherst student to proceed under pseudonym in a similar suit

against Amherst College.  *See*, *Doe v. Amherst College, et al.*, 14-cv-30114 (Dkt. # 31).  If Plaintiff's name is made public, the harm he has already suffered will be severely magnified as the public will know he has been accused and found by the College—erroneously—to have committed sexual misconduct.  The Defendants will not be prejudiced if this case proceeds pseudonymously, and the Defendants have all been made aware of the true name of John Doe through pre-litigation communications.

### iv. Conclusion

For all the reasons stated herein, the Plaintiff respectfully requests that the Court grant this motion.

    Respectfully submitted,

    JOHN DOE,

    By his attorneys,


    /s/ Hillary A. Lehmann_____
    Max D. Stern (BBO# 479560)
    mstern@toddweld.com
    Megan C. Deluhery (BBO# 655564)
    mdeluhery@toddweld.com
    Hillary A. Lehmann (BBO# 683657)
    hlehmann@toddweld.com
    TODD & WELD LLP
    One Federal St., 27th Floor
    Boston, MA 01880
    Tel. (617) 720-2626
    Fax (617) 227-5777

Dated: June 10, 2015

4848-8954-1923, v. 2