| | |
|---|---|
| **From:** | Peter Uvin |
| **Sent:** | Friday, December 27, 2013 10:05 AM |
| **To:** | John Doe |
| **Cc:** | Torin Moore |
| **Subject:** | RE: Formal Appeal |

Dear Mr. Doe,

This is in response to your Dec. 20, 2013 letter appealing the December 13, 2013 decision of the Sexual Misconduct Hearing Board. I have considered your appeal carefully and determined the grounds for appeal have not been met.

There are only three possible grounds for appeal: material procedural error; bias by the Chair or a member of the Hearing Board; or relevant, substantive, new information, not available at the time of the hearing. You filed an appeal citing two of these grounds. My finding on each ground is as follows:

1. Material procedural error. You allege that questions about your past sexual behavior constitute a material procedural error. However, the Student Handbook clearly allows for inquiries about patterns of behavior, which is what this was. You also allege that the discrepancy between the complainant's initial statement and her subsequent statement is a material procedural error. Differences in statements, as you described them, do not fall into the category of procedural error. Nevertheless, any differences were clearly dealt with by the investigator, both in writing and at the hearing. Furthermore, contrary to what you allege in your letter of appeal, you were provided opportunities to raise any issues relevant to this during your opening statement and through your questions to complainant and witnesses.

2. The discovery of substantive and new evidence which was not available at the time of the hearing. Your argument is that both the complainant and one of the witnesses had a political agenda to see someone expelled from campus for rape, and hence an ulterior motive to bring a false accusation against you. This is an allegation about personal motives that has no factual basis; in addition, it is immaterial to the case. The complainant's desired sanction was included in the investigative report and was thus known to you. The Board made its decision on careful deliberation of the evidence presented by those who testified before them. Whatever broad political agenda some of those individuals may have had or not is immaterial to the panel's decision. In addition, the complaint that led to the hearing was filed by Ms. Jones and not LR.

This decision closes the complaint process. I wish you all the best.

1

Sincerely

Peter Uvin
Provost
Professor of Political Science
Amherst College

---

**From:** ▓▓▓▓▓▓▓▓@gmail.com [mailto:▓▓▓▓▓▓▓▓@gmail.com] **On Behalf Of** John Doe
**Sent:** Friday, December 20, 2013 11:40 AM
**To:** Peter Uvin
**Cc:** Torin Moore
**Subject:** Formal Appeal

Dear Provost Uvin,

I have attached the documents that represent my formal appeal of the hearing board's decision on Friday, December 13th.

I thank you for considering this appeal, and for treating it with due gravity.

Best,
 John Doe


--

 John Doe
Student
Amherst College '14
▓▓▓▓▓▓
▓▓▓▓▓▓▓▓